IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| **CRESTWOOD PARTNERS, LLC**, <br> dba Swiss+Tech Products, <br> 701 Beta Drive, Unit 5 <br> Mayfield Village, OH  44143 <br><br> Plaintiff, <br><br> vs. <br><br> **MIRACLEBEAM PRODUCTS, INC.**, <br> 9401 De Sota Ave. <br> Chatsworth, CA  91311 <br><br> Defendant. | ) <br> ) Case No. <br> ) <br> ) <br> ) Judge <br> ) <br> ) <br> ) <br> ) <br> ) **COMPLAINT FOR PATENT** <br> ) **INFRINGEMENT** <br> ) <br> ) (Jury Demand Endorsed Hereon) <br> ) |

Plaintiff Crestwood Partners, LLC, for its Complaint against Defendant MiracleBeam Products, Inc., alleges and avers as follows:

### THE PARTIES

1. Plaintiff Crestwood Partners, LLC dba Swiss+Tech Products ("Plaintiff") is a limited liability company organized and existing under the laws of the State of Ohio with a principal place of business located at 701 Beta Drive, Unit #5, Mayfield Village, Ohio  44143.

2. Upon information and belief, Defendant MiracleBeam Products, Inc. ("Defendant") is a corporation organized and existing under the laws of the State of California with a principal place of business located at 9401 De Sota Ave., Chatsworth, CA  91311. Upon further information and belief, Defendant can be served through service upon its registered agent, Scott Tucker, at 9401 De Sota Ave., Chatsworth, CA  91311.

**JURISDICTION AND VENUE**

3. This is an action for patent infringement in violation of 35 U.S.C. § 271. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1338(a), in that this Complaint arises under the patent laws of the United States.

4. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant has caused tortious injury by an act or omission outside this state and regularly does or solicits business, engages in other persistent conduct, and/or derives substantial revenue from goods used or consumed or services rendered in this state.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) in that Defendant resides in this District under 28 U.S.C. § 1391(c).

**BACKGROUND**

6. Plaintiff imports, distributes, sells, and offers to sell an ultra-light, compact 6-in-1 multi-use tool under the name "UTILI-KEY®." The UTILI-KEY® tool contains a straight knife blade and a serrated cutting surface, a micro-sized screwdriver, a Phillips screwdriver, an eyeglass screwdriver, and a bottle opener. The UTILI-KEY® tool easily snaps to one's key ring, and easily releases to perform simple tasks. A true and correct copy of an advertisement for Plaintiff's UTILI-KEY® tool is attached as Exhibit A.

7. Plaintiff's UTILI-KEY® tool is covered by the claims of U.S. Patent No. 6,112,352 (the "'352 Patent") and United States Design Patent No. D405,953 (the "'953 Patent").

8. Upon information and belief, Defendant obtained a sample of Plaintiff's UTILI-KEY® tool and, with knowledge that such tool was patented, intentionally set out to copy such

product and has imported, sold, offered to sell and/or used such copies of Plaintiff's product in the United States without Plaintiff's permission. Upon further information and belief, Defendant has sold and is selling its unauthorized copies of Plaintiff's product under the name "MiracleKey." True and correct copies of photographs of Defendant's "MiracleKey" product and its packaging are attached as Exhibit B.

9. On November 20, 2007, Plaintiff's counsel sent a letter to Defendant notifying it of the '352 and '953 Patents and requesting (1) written assurance that all infringement of such Patents had ceased, (2) an accounting of Defendant's complete inventory of the accused "MiracleKey" product and any other infringing products, and (3) an accounting of all sales of such products in the United States. A true and correct copy of such letter (without exhibits) is attached as Exhibit C.

10. On November 27, 2007, Defendant's counsel responded to Plaintiff's letter and stated that Defendant would remove the "MiracleKey" product from its website and would cease offering the product for sale to any customers. Defendant's counsel did not provide any other information that had been requested by Plaintiff. A true and correct copy of such letter is attached as Exhibit D.

11. On December 10, 2007, Plaintiff's counsel sent a response to Defendant's counsel stating that Defendant's response was not acceptable, and that among other things, Plaintiff needed a complete accounting of the inventory of the MiracleKey product and any other infringing products and a complete accounting of all sales and profits resulting from Defendant's infringement of Plaintiff's patents. A true and correct copy of such letter is attached as Exhibit E.

12. To date, Defendant has not responded to this letter.

13. As a result of Defendant's failure to respond, Plaintiff believes that Defendant is continuing to infringe the '352 and '953 Patents in the disposal of its inventory of infringing products and is causing irreparable harm to Plaintiff. Plaintiff has also been damaged by Defendant's past importation, distribution, sale, and offer for sale of infringing products.

## COUNT ONE

## INFRINGEMENT OF THE '352 PATENT

14. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 13 above as if fully set forth herein.

15. On September 2, 2000, U.S. Patent No. 6,112,352 (the "'352 Patent") for "Keyring Tool" was duly and legally issued. The '352 Patent has been at all times since the date of issue, valid and enforceable. A true and correct copy of the '352 Patent is attached as Exhibit F.

16. Plaintiff is the owner by assignment of all right, title and interest in and to the '352 Patent, including all right to recover for any and all past infringement thereof.

17. Upon information and belief, Defendant has used, imported, manufactured, sold and/or offered to sell keyring tools that incorporate the inventions described and claimed in the '352 Patent without permission from Plaintiff.

18. Upon information and belief, by using, importing, manufacturing, selling and/or offering to sell such keyring tools, Defendant is directly infringing the '352 Patent.

19. Upon information and belief, Defendant has actively induced others to infringe the '352 Patent and has thus infringed the '352 Patent under 35 U.S.C. § 271(b).

20. Upon information and belief, the acts of Defendant complained of herein have been committed intentionally and willfully.

21. Upon information and belief, Defendant will not cease such infringement unless enjoined by this Court. Defendant's acts of infringement have and will continue to damage Plaintiff, as a result of which Plaintiff has no adequate remedy at law.

## COUNT TWO

## INFRINGEMENT OF THE '953 PATENT

22. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 21 above as if fully set forth herein.

23. On February 23, 1999, U.S. Design Patent No. D405,953 (the "'953 Patent") for "Keyring Tool" was duly and legally issued. The '953 Patent has been at all times since the date of issue, valid and enforceable.  A true and correct copy of the '953 Patent is attached as Exhibit G.

24. Plaintiff is the owner by assignment of all right, title and interest in and to the '953 Patent, including all right to recover for any and all past infringement thereof.

25. Defendant has used, imported, manufactured, sold and/or offered to sell keyring tools that are substantially identical to the design claimed in the '953 Patent without permission from Plaintiff.

26. Upon information and belief, by using, importing, manufacturing, selling and/or offering to sell such keyring tools, Defendant is directly infringing the '953 Patent.

27. Upon information and belief, Defendant has actively induced others to infringe the '953 Patent and has thus infringed the '953 Patent under 35 U.S.C. § 271(b).

28. Upon information and belief, the acts of Defendant complained of herein have been committed intentionally and willfully.

29. Upon information and belief, Defendant will not cease such infringement unless enjoined by this Court. Defendant's acts of infringement have and will continue to damage Plaintiff, as a result of which Plaintiff has no adequate remedy at law.

## **JURY DEMAND**

30. Plaintiff respectfully demands a jury for the hearing of the causes of action as set forth in this Complaint.

WHEREFORE, Plaintiff respectfully prays as follows:

(a) that judgment on the Complaint be entered for Plaintiff and against Defendant;

(b) that pursuant to 35 U.S.C. § 289, Defendant be ordered to pay to Plaintiff all of Defendant's profits arising from Defendant's infringement of the '953 Patent, the exact extent of which cannot be determined by Plaintiff, or, alternatively, that Defendant be ordered to account to Plaintiff for the actual damages suffered by Plaintiff as a result of Defendant's acts of infringement as set forth in this Complaint, the exact extent of which cannot be determined by Plaintiff;

(d) that Defendant, its officers, agents, servants, representatives, employees, attorneys, successors, assigns, and all persons acting in concert or participation with them, be permanently enjoined from:

    (1) using, manufacturing, importing, selling, or offering to sell the "MiracleKey" product or any other product that directly infringes the '352 Patent;

    (2) using, manufacturing, importing, selling or offering to sell the "MiracleKey" product or any other product that directly infringes the '953 Patent;

       (3)    actively inducing any other person to infringe the '352 or '953 Patent; and

       (4)    performing any further acts of infringement of the '352 or '953 Patent.

(e) that in the event that damages are awarded (as opposed to profits under 35 U.S.C. § 289), Defendant be ordered to pay Plaintiff three times the damages suffered by reason of the willful and intentional infringement of the '352 and '953 Patents as set forth in this Complaint;

(f) that the Court find this case to be exceptional under 35 U.S.C. § 285 and award Plaintiff its reasonable attorney fees for having to bring this action to preserve its rights in the '352 and '953 Patents and enjoin Defendant's willful infringement of the Patents;

(g) That Defendant be ordered to deliver up for destruction all "MiracleKey" products and other infringing products in its possession or control;

(h) that Plaintiff be awarded its costs associated with bringing this action to preserve its rights in the '352 and '953 Patents;

(i) that Plaintiff be awarded prejudgment interest; and

  (j)  that Plaintiff be granted such other and further relief as this Court may deem just and proper.

Dated:  This 22nd day of January, 2008.

               Respectfully submitted,

               /s/ Timothy F. Sweeney
               _____

               Timothy F. Sweeney (0040027)
               LAW OFFICE OF TIMOTHY FARRELL SWEENEY
               The 820 Building, Suite 430
               820 West Superior Ave.
               Cleveland, Ohio    44113-1800
               (216) 241-5003
               (216) 241-3138 (fax)
               Tim@timsweeneylaw.com

               Counsel for Plaintiff

Of counsel:

Dale Lischer
Georgia Bar No. 452027
dlischer@sgrlaw.com
Elizabeth G. Borland
Georgia Bar No. 460313
egborland@sgrlaw.com
Smith, Gambrell & Russell, LLP
Promenade II, Suite 3100
1230 Peachtree St., N.E.
Atlanta, Georgia  30309
(404) 815-3500
Fax:  (404) 815-3509